# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLA J. BOHNER, | : |
| Plaintiff | : CIVIL ACTION NO. 3:18-0046 |
| v. | : |
| | : (JUDGE MANNION) |
| ANDREW M. SAUL[1], Commissioner of Social Security, | : |
| Defendant | : |

# **M E M O R A N D U M**

Pending before the court is the December 4, 2018 report and recommendation of Judge Schwab, (Doc. 18), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be denied, and that the decision of the Commissioner be affirmed. Judge Schwab reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. The court has jurisdiction over this appeal pursuant to 42 U.S.C. §1383(c)(3). The plaintiff, Carla J. Bohner, has filed objections

---

[1]Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. *See* Fed.R.Civ.P. 25(d).

to Judge Schwab's report.[2] (Doc. 19). The Commissioner responded to plaintiff's objections on December 28, 2018. (Doc. 20).

For the following reasons, the report and recommendation is **ADOPTED** and, plaintiff's appeal of the decision of the Commissioner will be **DENIED**.

I.     **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining

---

[2]Plaintiff is represented by counsel in this case. The court notes that since Judge Schwab stated the full procedural history of this case in her report and since plaintiff did not object to it, the court will not repeat it herein.

2

judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008 ). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971 ). If the ALJ's decision is supported by substantial evidence, the court is "bound by those findings." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

Recently, the Supreme Court in Biestek v. Berryhill, —U.S.—, 139 S.Ct. 1148, 1154 (2019), stated that "the threshold for [ ] evidentiary sufficiency

3

[substantial-evidence standard] is not high." "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## II. RELEVANT MEDICAL EVIDENCE

Judge Schwab's report and recommendation ("R&R"), as well as the initial briefs of the parties, contain a thorough review of the plaintiff's medical history. The plaintiff did not file any objections to Judge Schwab's report with respect to her relevant medical history, so it will be adopted. *See* Butterfield

v. Astrue, 2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain *de novo* determination of a magistrate [judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report.") (quoting Goney v. Clark, 749 F.2d 5, 6 (3d Cir.1984)). Also, since the five-step legal framework for addressing a disability claim was properly stated in the R&R, (Doc. 18 at 8-9), and the findings of the Administrative Law Judge ("ALJ") at each step is in the record, (Tr. 225-234), the court incorporates by reference these portions of the R&R and the ALJ's decision.

## III.  DISCUSSION

On January 22, 2014, the plaintiff filed an application for DIB and alleged an onset disability date of July 4, 2012. In a March 31, 2016 decision, the ALJ found that the plaintiff was not disabled from July 4, 2012, through the date she was last insured, March 31, 2015.[3] (Tr. 234). The ALJ found that plaintiff had severe impairments of seizure disorder and depressive disorder. However, the ALJ determined that through March 31, 2015, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.

The plaintiff raises three objections to the R&R. First, she claims that Judge Schwab erred in her report with respect to her findings that at step-two

---

[3]Thus, the relevant time period for this case is July 4, 2012, through March 31, 2015, the last date that plaintiff meets the insured status requirements of the Social Security Act.

5

the ALJ correctly found that plaintiff's syncope and bilateral carpal tunnel syndrome were not severe, and that the ALJ correctly determine plaintiff's residual functional capacity ("RFC"). Secondly, plaintiff contends that Judge Schwab erred by finding that the ALJ properly evaluated the opinion of her treating physician, Dr. Douglas Charles, and properly afforded his opinion little weight. Lastly, plaintiff objects to Judge Schwab's finding that her case should not be remanded to the Commissioner for consideration of new and material evidence.[4]

Initially, the plaintiff contends that the ALJ erred by improperly determining that her syncope and bilateral carpal tunnel syndrome were not severe which resulted in an erroneous evaluation of her RFC. Judge Schwab explains why substantial evidence supports the ALJ's finding that plaintiff's syncope and bilateral carpal tunnel syndrome were not severe. (Doc. 18 at 13-14).

Plaintiff takes issues with the report's determination that the "close scrutiny" framework of McCrea v. Comm'r of Soc. Sec., 370 f.3d 357 (3d Cir. 2004), did not apply in reviewing the ALJ's decision since the ALJ did not deny plaintiff's claim for benefits at step two. Rather, the ALJ found that plaintiff had other severe impairments and then proceeded through the remaining steps in the sequential-evaluation process.

---

[4] In her report, Judge Schwab specified the ALJ's findings which plaintiff challenged in her brief as well as her (Judge Schwab's) reasoning for finding that substantial evidence supported the ALJ's findings. As such, the court does not repeat these discussions herein.

Since the ALJ identified other severe impairments of plaintiff at step two and proceeded through the remaining steps of the sequential evaluation process, the report properly distinguished the McCrea case. "Because the outcome of a case depends on the demonstration of functional limitations, where an ALJ identifies at least one severe impairment and ultimately properly characterizes a claimant's symptoms and functional limitations, the failure to identify a condition as severe is deemed harmless error." Keys v. Colvin, 2015 WL 1275367 at *11 (M.D.Pa. Mar. 19, 2014) (citing Garcia v. Comm'r of Soc. Sec., 587 F.App'x 367, 370 (9th Cir. 2014) (citing Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007); Burnside v. Colvin, 2015 WL 268791 at *13 (M.D.Pa. Jan. 21, 2015). Thus, "when a plaintiff claims a step two error based on an ALJ's failure to properly address an alleged impairment, the crux of the analysis is whether the ALJ considered the associated symptoms and functional limitations in his RFC analysis." O'Toole v.Berryhill, 2017 WL 1493546 (M.D.Pa. April 26, 2017) (citing Awad v. Colvin, 2015 WL 1811692 at *13 (M.D.Pa. Apr. 21, 2015)).

Based on the medical evidence of record as summarized in the report, the court finds that the ALJ identified the substantial evidentiary support for her finding that plaintiff's syncope and bilateral carpal tunnel syndrome were not severe. (Doc. 9 at 13-14). Further, after the ALJ completed the sequential-evaluation process, she included all of plaintiff's limitations related to her severe and non-severe (such as her syncope and bilateral carpal tunnel) syndrome medical conditions in her RFC determination that were supported

7

by the medical evidence. (Tr. 229-232). In Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004), the court held that the ALJ's RFC assessment must satisfactorily incorporate all of the plaintiff's established limitations. Where the record "clearly establishe[s] . . . additional, specific deficiencies in concentration, persistence and/or pace" that c[an] not be accommodated by a restriction to jobs that require[] only simple tasks, the ALJ is required to provide a more detailed RFC. *See* Santiago-Rivera v. Barnhart, 2006 WL 2794189, at *11-12 (E.D.Pa. Sept. 26, 2006)*;* Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001) (the ALJ is required to "consider and evaluate the [relevant] medical evidence in the record" and, to discuss and weigh this evidence). *See also* 20 C.F.R. §416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments which are not 'severe,' . . . when we assess your residual functional capacity".).

Additionally, as the court in Alvarado v. Colvin, 147 F.Supp.3d 297, 311 (E.D.Pa. 2015), explained:

> The step two inquiry is a *de minimis* screening device used to dispose of groundless claims. Bowen v. Yuckert, 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). Additionally, the analysis at step two is wholly independent of the analysis at later steps. Accordingly, not finding certain impairments severe at step two does not affect the ultimate disability determination. Where an ALJ finds in a claimant's favor at step two, "even if he ... erroneously concluded that some of [the claimant's] other impairments were non-severe, any error [is] harmless." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 145 n. 2 (3d Cir. 2007).

8

Further, under the regulations, in assessing a claimant's RFC prior to step four, the ALJ considers the symptoms of all medically determinable impairments, whether they are found severe or non-severe at step two. *See* 20 C.F.R. §404.1545.

The court finds that ALJ's RFC assessment was based upon the evidence of record as a whole. Thus, any alleged error committed by the ALJ at the step two analysis was harmless given that she proceeded through the remaining steps of the sequential evaluation process and made a proper RFC determination. *See* O'Toole v.Berryhill, *supra.;* Wells v. Acting Commissioner of Social Security, 2016 WL 6824369235, *4 (D.N.J. Nov. 18, 2016) (court found that failure of ALJ to include plaintiff's cervical radiculopathy and left knee post-traumatic arthritis as severe impediments was harmless error because the ALJ allowed plaintiff's claim to proceed past step two and the ALJ considered these two conditions in making the RFC determination.).

Therefore, plaintiff's first objection to Judge Schwab's report will be overruled.

Next, the plaintiff contends that Judge Schwab should have found that the ALJ erred by not giving sufficient weight to the opinion of her treating physician, Dr. Charles. Plaintiff argues that the ALJ rejected the Medical Source Statement of Dr. Charles for erroneous reasons. On September 24, 2015, Dr. Charles completed a Medical Source Statement and his relevant findings are detailed in the R&R. (Doc. 18 at 17-19; Tr. 230, Tr. 1757-59). In short, Dr. Charles opined that plaintiff's impairments and limitations would

9

affect her ability to work a regular job on a sustained basis. Plaintiff states that if Dr. Charles's opinions were accepted, she would have been found to be disabled. The ALJ afforded little weight to the opinions of Dr. Charles finding that they were "not well supported on the face of the opinion" and "not well supported by or consistent with [the doctor's] own records of the medical evidence of record as whole." (Tr. 230). Judge Schwab found that substantial evidence supported the weight the ALJ afforded to the doctor's opinions.

Upon *de novo* review of plaintiff's objections, the court finds that Judge Schwab correctly found that the ALJ did not err in evaluating the opinions of Dr. Charles, and in affording "little weight" to his opinions.

The record, as discussed in the report, supports the ALJ's findings and the weight she afforded to Dr. Charles's opinions. (Tr. 230). In particular, plaintiff argues that Judge Schwab erred in finding that the ALJ's conclusion about the effects of her syncope were supported by the record and "consistent with Dr. Charles's statement that [plaintiff] had not experienced loss of consciousness in over one year." (Doc. 18 at 17-18, 24). Plaintiff contends that the ALJ did not rely upon this statement of Dr. Charles and that it was error for Judge Schwab to base her decision on it.

However, in discussing why plaintiff's syncope was not severe, the ALJ did in fact discuss the medical records and how there is no evidence that any of her non-severe impairments "have met the 12 month durational requirements for severity" and, how there was "no longitudinal evidence of objective deficits correlated or attributable to these conditions." (Tr. 227). The

ALJ then concluded that "there is no evidence that any of [plaintiff's non-severe] conditions have either met the durational requirements ..., or that they create any specific functional limitations regarding [plaintiff's] ability to perform work related activities." (Id.). As such, Judge Schwab's reference to Dr. Charles's finding that "[plaintiff] had not experienced a full syncopal episode in over one year" and her statement that even if the ALJ made a mistake about the cause of plaintiff's syncope, "[the ALJ's] findings about the effects of [plaintiff's] syncope are both supported by the record and ultimately consistent with Dr. Charles's statement that [plaintiff] had not experienced loss of consciousness in over one year" are in fact part of the ALJ's reasoning in determining the weight she gave to Dr. Charles's opinions.

Additionally, as Judge Schwab's report makes clear, the ALJ did not simply afford little weight to Dr. Charles's opinions based on any one of his findings. Rather, the ALJ explained in the body of her entire decision why the medical records of plaintiff did not support the limitations which Dr. Charles found. The ALJ also noted that Dr. Charles's own objective findings from examining plaintiff during the course of his treatment, some of which are discussed in the report, (Doc. 18 at 23), as well as his own records did not support the limitations he found. (Tr. 230).

Moreover, with respect to Dr. Charles's opinions in the Medical Source Statement that, if accepted by the ALJ, would have resulted in a finding that the plaintiff was disabled and his opinion that plaintiff was essentially limited to less than sedentary work, it is well-settled that the finding of whether the

11

plaintiff is disabled or unable to work is reserved for the Commissioner. *See* Zonak v. Comm'r of Social Sec., 290 Fed.Appx. 493, 497 (3d Cir. 2008). Additionally, the Third Circuit has long held "forms that 'require[ ] the physician only to check boxes and briefly to fill in blanks ... are weak evidence at best.'" Galette v. Comm'r of Soc. Sec., 708 Fed.Appx. 88, 91 (3d Cir. 2017) (quoting Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993)).

Judge Schwab explained the basis for the ALJ's findings how she considered the fact that Dr. Charles's opinions were not well supported by other medical evidence in the record. The court finds that Judge Schwab applied the proper case law and regulations and correctly found that substantial evidence supported the ALJ's finding with respect to the weight she gave to Dr. Charles's opinions.

Thus, the court finds that the ALJ provided a sufficient explanation as to why she afforded little weight to the opinions of Dr. Charles. *See* Fullen v. Comm'r of Soc. Sec., 705 Fed.Appx. 121, 125 (3d Cir. 2017) (Third Circuit stated that "Morales v. Apfel requires that 'the ALJ accord treating physicians' reports great weight,' but there is no requirement to accept those opinions if they are not supported by sufficient evidence in the record.").

Therefore, plaintiff's second objection will be overruled since substantial evidence supports the weight which the ALJ afforded to Dr. Charles's opinions.

Finally, plaintiff contends that Judge Schwab should have recommended that her case be remanded to the Commissioner for

12

consideration of new and material evidence, that she obtained and submitted after the ALJ's hearing, since it met all of the criteria for remand pursuant to sentence six of 42 U.S.C. §405(g).[5] Plaintiff states that this after acquired evidence, for which she had good cause for not submitting it earlier, showed that she "suffered from significant, symptomatic bradycardia requiring a pacemaker", and "required an inpatient admission to Reading Hospital from February 29 through March 3, 2016 for recurrent syncope with collapse, symptomatic bradycardia, sick sinus syndrome, and uncontrolled diabetes, with implantation of a dual-chamber pacemaker required." (Doc. 19 at 8) (Tr. 455-56).

Judge Schwab found that although plaintiff's new evidence met three of the four criteria for remand, plaintiff's case did not warrant a remand to the Commissioner since there was not a reasonable possibility that its consideration by the ALJ would have resulted in a different decision on remand.

Plaintiff argues that her new evidence meets the "reasonable possibility" standard since "[i]t is certainly reasonably possible that the ALJ would have come to a different conclusion regarding the severity of [her] syncopal episodes if [the ALJ] were informed of the actual cause of them and reviewed

---

[5]"To succeed with a 42 U.S.C. §405(g) claim, a claimant must show there is 'new' and 'material' evidence not presented to the ALJ, and there was good cause for failing to incorporate the evidence into the record in the prior proceeding." Seney v. Colvin, 185 F.Supp.3d 475, 492 (D.De. 2016) (citing Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001)).

13

the [new] objective evidence which she found absent from the prior records." (Doc. 19 at 9).

The evidence is new since it showed that the cause of plaintiff's syncopal episodes was her was previously unknown bradycardia diagnosis and, it is material since it is relevant and probative regarding her stated episodes even though its dated about one year after her date-last insured, i.e., March 31, 2015. There is also good cause for plaintiff's submission of this new evidence after the ALJ's September 9, 2015 hearing and the time to supplement the record since it was not available to the plaintiff. Judge Schwab also found that the plaintiff's new evidence "relates to a diagnosis, after [plaintiff's] date-last-insured, of bradycardia later requiring surgery to implant a pacemaker ... and a hospital admission for recurrent syncope associated with bradycardia." However, the Judge found that plaintiff failed to establish that there was a reasonable possibility that this new evidence would result in a different outcome of her case if it was remanded.

No doubt that in order to be material, "there [must] be a reasonable possibility that the new evidence would have changed the outcome of the [ALJ's] determination." Szubak v. Secretary of Health and Human Servs., 745 F.2d 831, 833 (3d Cir. 1984). Further, [a]n implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Id*. Here, Judge Schwab found that the new evidence did not "provide any insight into

14

the 'severity' of [plaintiff's] syncope before her date-last-insured", and that "the ALJ fully considered the severity of [plaintiff's] syncope in her step-two determination." Indeed, the ALJ's decision indicates that when the ALJ found plaintiff's syncope was not a severe impairment, she based her finding on the plaintiff's cardiac evaluations during the relevant time period which were reported as "normal." (Tr. 227). The ALJ also based her finding on plaintiff's objective cardiac testing which included tilt table, ECG, ultrasound and echocardiogram testing, and a loop recorder implant. (Id.). Thus, the ALJ understood the nature of plaintiff's syncope in light of her discussion of plaintiff's cardiac evaluations when she made her assessment of the severity of this condition. Also, as discussed, the ALJ based her assessment on the fact that there was no evidence that plaintiff's syncope condition met the 12 month durational requirement for severity and, on the record which did not show that this condition (along with the other non-severe conditions) caused plaintiff any "functional limitations to her ability to perform work related activities." (Id.).

Thus, plaintiff's objection to Judge Schwab's finding that a remand of this case for consideration of new evidence was not warranted will be overruled since this evidence fails to meet all of the requirements for remand.

### IV. CONCLUSION

In light of the foregoing, Judge Schwab's report and recommendation, (Doc. 18), is **ADOPTED**, and plaintiff's objections, (Doc. 19), are

15

**OVERRULED**. Further, plaintiff's appeal, (Doc. 1), is **DENIED** and, the Commissioner's decision denying her application for DIB is **AFFIRMED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 30, 2019**
18-0046-01.wpd